UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

R. THORSON, E. BONGIORNI,　　　　　　　　　　　　　Case No. 3:17-cv-01942-JR
S. DOWELL, et al.,
　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER OF DISMISSAL
　　　　　　Petitioners,

　　v.

UNITED STATES OF AMERICA,

　　　　　　Respondent.
_____

MCSHANE, District Judge:

　　　Petitioners are federal inmates at the Federal Correctional Institution at Sheridan, Oregon, who purport to bring a "Class Action Extraordinary Writ Challenging the Constitutionality of Statute 18 U.S.C. § 2250-60." (ECF No. 1). Petitioners did not submit a filing fee, and their "Motion to Waive the Filing Fee" does not include certified copies of their prison trust accounts to establish the inability to pay. (ECF No. 2) Regardless, this action must be dismissed for lack of jurisdiction.

1 -　　ORDER OF DISMISSAL

On behalf of themselves and other federal prisoners convicted of child pornography offenses, petitioners contend that the federal government exceeded its authority under the Commerce Clause to regulate or criminalize child pornography and, in doing so, violated petitioners' rights to free speech and freedom of religion. Petitioners maintain that the federal government discriminated against them based solely on their "sexual orientation" of pedophilia and "threaten[ed] the tenets of the Islamic religion and the sexual orientation [that] pedophiles are born with and powerless to change." (ECF No. 1 at 16(b)) Petitioners seek a declaration that 18 U.S.C. §§ 2250-2260 are unconstitutional and an order requiring that petitioners "be released and all record of these statutes be purged from their records." (ECF No.1 at 44-45)

Petitioners may not challenge their federal convictions through a "class action." Rather, a petitioner who seeks to challenge the legality of his detention must file a motion under 28 U.S.C. § 2255 to correct, vacate, or set aside his conviction or sentence. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention."). Further, a petitioner must file a § 2255 motion in the district where he was sentenced rather than the district where he is confined. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). In other words, each petitioner must file a § 2255 motion in the district where he was sentenced, and each of them must do so within one year after the relevant conviction became final. 28 U.S.C. § 2255(f).

If petitioners intend to argue that § 2255 is "inadequate or ineffective to test the legality of [their] detention," petitioners arguably may seek review under 28 U.S.C. § 2241 in this district. *Hernandez*, 204 F.3d at 864-65; 28 U.S.C. § 2255(e). However, each petitioner must make a claim of "actual innocence" and show that he did not have "'an unobstructed procedural

shot' at presenting that claim" in a § 2255 motion. *Stephens*, 464 F.3d at 898 (citation omitted). Here, no petitioner asserts that he is actually innocent of child pornography offenses and had no opportunity to raise his arguments in a § 2255 motion.

Accordingly, this Court lacks jurisdiction to consider petitioners' claims, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this __3rd__ day of January, 2018.

       __s/Michael J. McShane__
Michael McShane
United States District Judge